LOCAL FORM FOR A CHAPTER 13 PLAN UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 3015.1 AND
ADMINISTRATIVE ORDER NO. 17-04

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE:

**Janey Rae Cascaddan**

S.S.# __xxx-xx-9265__

CASE NO. **18-22299**
CHAPTER 13
JUDGE

**PLAN SUMMARY**

*For informational purposes only.*

ACP: __36__ Months
Minimum Plan Length: __36__ Months
Plan payment: $ __204.00__ per Month
Minimum dividend to Class 9 Creditors $ __0.00__
Percentage of Tax Refunds committed __100%__

Debtor(s)
_____/

**CHAPTER 13 PLAN**

[X] Original    *OR*    [ ] Pre-Confirmation Modification #

## I. NOTICES

**TO CREDITORS: YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED. READ THIS DOCUMENT CAREFULLY AND CONSIDER SEEKING THE ADVICE OF AN ATTORNEY.**

| Debtors must check one box on each line to state whether or not the Plan includes each of the following items: | | |
|---|---|---|
| A. Nonstandard Provisions set out in Section IV. Under Federal Rule of Bankruptcy Procedure 3015(c), a "nonstandard provision" means a provision that is not otherwise included in the approved form for a Chapter 13 Plan in the Eastern District of Michigan. | ☐ Included | ☑ Not included |
| B. A limit on the amount of a secured claim based on a valuation of the collateral for the claim. | ☐ Included | ☑ Not included |
| C. Avoidance of a security interest or lien. | ☐ Included | ☑ Not included |
| • IF AN ITEM IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISION IS VOID EVEN IF OTHERWISE INCLUDED IN THE PLAN. | | |
| • ANY "NONSTANDARD PROVISION" THAT IS NOT SPECIFICALLY IDENTIFIED IN SECTION IV IS VOID. | | |
| • IF THIS SECTION I INDICATES THAT THIS PLAN DOES NOT INCLUDE ANY "NONSTANDARD PROVISIONS", ANY "NONSTANDARD PROVISIONS" IN THIS PLAN (INCLUDING ANY OTHERWISE SPECIFICALLY LISTED IN SECTION IV) ARE VOID. | | |

**THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL STANDARD PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV OR FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**
_____

## II. APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:

A. ☑ Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be **36** months from the date of entry of the Order Confirming Plan. **This is a minimum Plan length**. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term

continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

**B.** Debtor's plan payment amount is $**204.00** per month.

**C.** Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, debtor is not required to remit any future Tax Refunds

2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I *does not* include a pro-ration for anticipated Tax Refunds. Debtor will remit 50% of all Federal and State Tax Refunds that debtor receives or is entitled to receive after commencement of the case.

3. ☑ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that debtor receives or is entitled to receive after commencement of the case to the extent the Refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**D.** NA

**E.** NA

**III. DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

**A.** **Class One – TRUSTEE FEES** as determined by statute.

**B.** **Class Two – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

  1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:

     a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $ **3,500.00** for services rendered plus $ **0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of $ **3,500.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $ **3,500.00** , will be paid as an Administrative Expense Claim; **or**

     b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow $**0.00** for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

  2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

  3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of (name of person to be retained) as (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

  4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

**C.** **CLASS THREE – SECURED CLAIMS TO BE STRIPPED OR AVOIDED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.* NA

**D.** **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

- Class 4.1 **Continuing Payments on a claim secured by the debtor's principal residence that come due on and after the date of the Order for Relief.** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information).* NA

- Class 4.2 **Pre-Petition Arrearages on a claim secured by the debtor's principal residence to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief: NA**

- Class 4.3 **Continuing Payments other than on a claim secured by the debtor's principal residence that come due on and after the date of the Order for Relief.** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information).*

| Creditor | Collateral | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| **Credit Union One*** | **2012 Scion** | **240.00** | **Direct** |

  * 84 Mo Term @ 4.9%; Paid off 06/2022

- Class 4.4 **Pre-Petition Arrearages other than on a claim secured by the debtor's principal residence to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief: NA**

E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION.** *(See Paragraph H, Paragraph L, Paragraph O, and Paragraph S of the Additional Terms, Conditions and Provisions for additional information).*

- Class 5.1. Secured Claims not excluded from 11 USC §506 to be paid Equal Monthly Payments. 11 USC §1325(a)(5)(B): NA

- Class 5.2. Secured Claims not excluded from 11 USC §506 *not* to be paid Equal Monthly Payments. 11 USC §1325(a)(5)(B): NA

- Class 5.3. Secured claims excluded from 11 USC §506 by the "hanging paragraph" at the end of 11 USC §1325(a)(9) to be paid "Equal Monthly Payments". 11 USC §1325(a)(5)(B). NA

- Class 5.4. Secured claims excluded from 11 USC §506 by the "hanging paragraph" at the end of 11 USC §1325(a)(9) *not* to be paid Equal Monthly Payments. 11 USC §1325(a)(5)(B). NA

- Class 5.5. **Surrender of collateral.** *(See Paragraph P of the Additional Terms, Conditions and Provisions for additional information).*

The debtor(s) surrenders debtor's interest in the following collateral. Any allowed unsecured claim remaining after disposition of the collateral will be treated as a Class 9 General Unsecured Creditor.

| Creditor Name | Description of Collateral |
|---|---|
| **Wildfire CU** | **2016 Honda Ruckus** |

F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7): Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1.** *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information).* NA

G. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

- Class 7.1. Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| **-NONE-** | | |

- Class 7.2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| **-NONE-** | | | |

- Class 7.3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| **City of Saginaw Income Tax Office*** | **385.00** | **Trustee** |

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| **Internal Revenue Service*** | 1,500.00 | Trustee |
| **Michigan Department of Treasury*** | 250.00 | Trustee |
| **State of Michigan*** | 384.00 | Trustee |

\* **Estimated**

**H. CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee):* *(See Paragraph M of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**I. CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee):* – *See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

The plan shall pay the Unsecured Base Amount.

**IV. Nonstandard Plan Provisions:**

- **ANY "NONSTANDARD PROVISION" THAT IS NOT BOTH INCLUDED IN SECTION 1.A AND SPECIFICALLY STATED IN THIS SECTION IS VOID.**

A. _____
B. _____
C. _____
D. _____
E. _____

**I, Michael J Shovan P43362, Attorney for Debtor (or Debtor if not represented by an attorney), certify that this Plan contains no "Nonstandard Provisions" other than those set out in Section IV above.**

| | |
|---|---|
| /s/ Michael J Shovan | /s/ Janey Rae Cascaddan |
| **Michael J Shovan P43362** | **Janey Rae Cascaddan** |
| Attorney for Debtor | Debtor |
| **6620 Weiss Road** | |
| **Saginaw, MI 48603** | |
| Street Address | |
| **Saginaw, MI 48603-0000** | Joint Debtor |
| City, State and Zip Code | |
| **ecf@bk-doctor.com** | |
| E-Mail Address | **12/03/2018** |
| **(989) 847-6030 Voice, Text & Fax** | Date |
| Phone Number | |

# ATTACHMENT 1

## LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **REAL ESTATE OTHER THAN PERSONAL RESIDENCE** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **HHG/PERSONAL EFFECTS (total)** | 3,400.00 | 0.00 | 3,400.00 | 2,900.00 | 500.00 |
| **JEWELRY (total)** | 500.00 | 0.00 | 500.00 | 500.00 | 0.00 |
| **CASH/BANK ACCOUNTS (total)** | 810.00 | 0.00 | 810.00 | 810.00 | 0.00 |
| **2016 Honda Ruckus 1100 miles** | 1,500.00 | 1,500.00 | 0.00 | 0.00 | 0.00 |
| **2012 Scion XD** | 8,500.00 | 10,000.00 | 0.00 | 0.00 | 0.00 |
| **Acorn Mutual Fund Account** | 142.00 | 0.00 | 142.00 | 142.00 | 0.00 |
| **Rock Your Locks LLC - Salon & Spa 100 % ownership** | 1.00 | 0.00 | 1.00 | 1.00 | 0.00 |
| **IRA: Acorn Roth IRA** | 201.00 | 0.00 | 201.00 | 201.00 | 0.00 |
| **Term Life Policy Beneficiary: SEDC** | 1.00 | 0.00 | 1.00 | 1.00 | 0.00 |
| **Misc equipment used in the salon** | 500.00 | 0.00 | 500.00 | 500.00 | 0.00 |
| **Normal tools of trade used on salon business** | 500.00 | 0.00 | 500.00 | 500.00 | 0.00 |

Amount available upon liquidation $ **0.00**

Less administrative expenses and costs $ **0.00**

Less priority claims $ **0.00**

Amount Available in Chapter 7 $ **0.00**

Local Form 10-24-17 V 1

5

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

18-22299-dob    Doc 11    Filed 12/17/18    Entered 12/17/18 09:24:41    Page 5 of 8

**ATTACHMENT 2**

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2) E.D.M

1. Proposed length of Plan:     36     months

2. Initial Plan Payment:

   **$204.00 per month x 2 months = $408.00**

3. Additional Payments: $204.00 per mo x 36 =     **$7,344.00**

4. Lump sums payments     **$0.00**

5. Total to be paid into Plan (total of lines 2 through 4)     **$7,752.00**

6. Estimated disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated Trustee Fees     **$426.00** 5.5%

   b. Estimated Attorney Fees and costs through confirmation of plan     **$3,500.00**

   c. Estimated Attorney Fees and costs post-confirmation through duration of Plan     **$0.00**

   d. Estimated fees of other Professionals     **$0.00**

   e. Total mortgage and other continuing secured debt payments     **$0.00**

   f. Total non-continuing secured debt payments (including interest)     **$0.00**

   g. Total priority claims     **$2,522.00** Est.

   h. Total arrearage claims     **$0.00**

7. Total disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h)     $ **6,448.00**

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (Line 5 minus Line 7)     $ **1,304.00**

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see Liquidation Analysis on page 6)     $ **0.00**

COMMENTS:

Local Form 10-24-17 V 1

6

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

18-22299-dob    Doc 11    Filed 12/17/18    Entered 12/17/18 09:24:41    Page 6 of 8

In re: **Janey Rae Cascaddan**

Debtor(s).

/

CHAPTER 13
CASE NO: **18-22299**
JUDGE **Daniel S. Opperman**

## ORDER CONFIRMING PLAN

The Debtor(s)' Chapter 13 plan was duly served on all parties in interest. A hearing on confirmation of the plan was held after due notice to parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 USC §1325(a) are met.

Therefore, IT IS HEREBY ORDERED that the Debtor(s)' Chapter 13 plan, as last amended, if at all, is confirmed.

IT IS FURTHER ORDERED that the claim of **Michael J Shovan P43362**, Attorney for the Debtor(s), for the allowance of compensation and reimbursement of expenses is allowed in the total amount of $ **3,500.00** in fees and $ **0.00** in expenses, and that the portion of such claim which has not already been paid, to-wit: $ **3,500.00** shall be paid by the Trustee as an administrative expense of this case.

IT IS FURTHER ORDERED that the Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and contract.

All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 USC §502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan, as well as all fees due the Clerk pursuant to statute.

IT IS FURTHER ORDERED as follows: [*Only provisions checked below apply*]

- [ ] The Debtor(s) shall remit ____% of all tax refunds to which Debtor(s) is/are entitled during the pendency of the Plan and shall not alter withholdings without Court approval.

- [ ] The Debtor(s)' Plan shall continue for no less than _____ months.

- [ ] The claim of _____ shall be paid in accordance with its duly filed claim unless otherwise ordered by the Court.

- [ ] The Debtor(s)' Plan payments shall be increased to $_____ per _____ effective the ____ day of _____, 20___.

- [ ] Creditor's rights to object to the last filed Amended Plan are preserved until _____.

- [ ] Other:

**Objections Withdrawn**

For Creditor _____

For Creditor _____

Approved:

_____
Chapter 13 Standing Trustee

_____
**Michael J Shovan P43362**
Attorney for Debtor(s)

In re  **Janey Rae Cascaddan**                                         Case No.  **18-22299**

                              Debtor(s)                                Chapter   **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **12/17/2018**, a copy of  **DEBTOR'S ORIGINAL CHAPTER 13 PLAN & PROPOSED OCP**  was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed on the matrix including the debtor at her address of record.

**/s/ Michael J Shovan**
**Michael J Shovan P43362**
**Michael J. Shovan**
**6620 Weiss Road**
**Saginaw, MI 48603**
**(989) 847-6030 Voice, Text & Fax**
**ecf@bk-doctor.com**